THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GAVIN LEE BUCK,

                    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. C13-2283-JCC

ORDER AFFIRMING THE
COMMISSIONER

The Court, having reviewed Plaintiff's complaint (Dkt. No. 4), the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 25), Plaintiff's objections to the Report and Recommendation  (Dkt. No. 26), Defendant's response to Plaintiff's objections (Dkt. No. 27), and the remainder of the record, does hereby ADOPT the Report and Recommendation (Dkt. No. 25) and AFFIRM the decision of the Commissioner.

I.      BACKGROUND

Plaintiff filed a claim for Disability Insurance Benefits ("DIB") in September 2008 and protectively filed an application for Supplemental Security Income ("SSI") in August 2008, alleging disability beginning March 1, 2008. His applications were denied initially and on reconsideration. Plaintiff timely requested a hearing, which was granted. On September 29, 2009, the Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled.

Plaintiff timely appealed. The Appeals Council denied review on June 23, 2010, making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed, and on June 28, 2011, United States Magistrate Judge Karen Strombom remanded the matter for further consideration. Judge Strombom found error in the consideration of one medical opinion and in the failure to call a vocational expert.

On remand, the ALJ held a second hearing. On May 17, 2013, the ALJ issued a second decision. The ALJ found that Plaintiff had a variety of severe impairments, including attention deficit hyperactivity disorder, bipolar disorder, and personality disorder. Despite the impairments, the ALJ found Plaintiff capable of working in a variety of jobs that exist in significant numbers in the national economy. For that reason, the ALJ concluded Plaintiff was not disabled.

Plaintiff sought review by the Appeals Council, which was denied on November 7, 2013. He appealed the Commissioner's final decision. On July 3, 2014 Magistrate Judge Mary Alice Theiler issued her Report and Recommendation that the ALJ's decision be affirmed. (Dkt. No. 25.) Plaintiff objects to the Report and Recommendation. (Dkt. No. 26.)

## II.  DISCUSSION

The district court must make a de novo determination of those portions of a magistrate judge's report or specified proposed findings or recommendations to which a party objects. 28 U.S.C. § 636(b)(1). Plaintiff raises a number of objections to the Report and Recommendation.

The first objections relate to the ALJ's assessment of Plaintiff's impairments. Plaintiff argues that the ALJ failed to specify the type of personality disorder Plaintiff suffered from, and failed to properly account for this disorder in assessing plaintiff's ability to perform basic work activities. Plaintiff further argues that the ALJ erred in failing to account for the limitations caused by his severe conditions.

It is true that the ALJ did not specify the particular type of personality disorder Plaintiff suffered from. However, the ALJ was aware of Plaintiff's symptoms, and there is no indication

1   that greater specificity would have altered the ALJ's assessment. Consequently, the objection to

2   the lack of greater specificity is without merit.

3          Plaintiff's argument that the ALJ did not properly account for plaintiff's personality

4   disorder in determining whether plaintiff was capable of working is also unavailing. The ALJ

5   considered all of Plaintiff's symptoms in reaching the determination that plaintiff is not disabled.

6   *See* Dkt. 25 at 6. A finding of a severe medical condition does not necessitate identification of

7   corresponding limitations on the ability to work. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1228-

8   29 (9th Cir. 2009). It was therefore within the ALJ's discretion to find that Plaintiff could work

9   despite his severe impairments.

10         Next, Plaintiff argues that the ALJ inappropriately discounted medical testimony.

11         The ALJ discounted the opinion of Dr. Shawn Kenderdine, who assessed a number of

12  marked limitations in Plaintiff's cognitive and social functioning. *See* Dkt. 25 at 7. He did so for

13  a number of reasons, including the fact that Dr. Kenderdine appeared to base his opinion on

14  plaintiff's subjective report, at least in part. Because the ALJ had determined that Plaintiff has

15  limited credibility, this was a permissible reason to discount the doctor's opinion. *See Bray*, 554

16  F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

17         Plaintiff also challenges the ALJ's failure to consider a declaration submitted to the

18  Appeals Council by Dr. Brett Copeland, which challenges Dr. Kenderdine's failure to consider

19  the possibility of symptom exaggeration on the Beck Depression Inventory II (BDI-II). New

20  evidence considered by the Appeals Council "becomes part of the administrative record, which

21  the district court must consider when reviewing the Commissioner's final decision for substantial

22  evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The ALJ

23  is tasked with "resolving conflicts in the medical record." *Carmickle v. Comm'r of SSA*, 533 F.3d

24  1155, 1164 (9th Cir. 2008). Here, however, the ALJ resolved the conflict posed by the opinions

25  of Drs. Kenderdine and Towes *before* the submission of Dr. Copeland's declaration. The

26  declaration is cursory and does not offer a substantial opinion or evidence contradicting other

1  medical evidence in the case. Consequently, the failure to consider the declaration does not

2  undermine the ALJ's determination.

3        Plaintiff further objects to the ALJ's assessment of the opinions of Drs. Allison

4  Schechter, Alex Fisher, and Mary Gentile. However, the ALJ's second decision adopted and

5  incorporated his earlier findings as related to these doctors, which were considered and upheld

6  on Plaintiff's initial appeal to Judge Strombom. Judge Theiler was precluded from reconsidering

7  this issue under the "law of the case" doctrine. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.

8  1993). Plaintiff therefore has no basis for challenging this evidence.

9        Plaintiff also objects to the fact that Dr. Toews appeared for the second hearing by

10 telephone. However, he had notice that the hearing would be by telephone, and current

11 regulations allow for telephonic testimony. *See* Dkt. 25 at 11-12. More importantly, Plaintiff

12 does not specify any particular harm in his counsel's inability to conduct his cross-examination

13 of Dr. Towes in person. The telephonic testimony does not, therefore, provide a basis for

14 reversal. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (court may not reverse ALJ's

15 decision based on harmless error).

16       Plaintiff objects to the footnote in the Report and Recommendation indicating that he did

17 "not challenge the ALJ's step four conclusion that, prior to April 24, 2012, Plaintiff was capable

18 of performing past relevant work as a laborer, stores, tire changer and construction laborer."

19 (Dkt. No. 25 at 13.) However, because Plaintiff fails to demonstrate any error in the

20 consideration of the medical evidence, he has no basis for challenging the step four conclusion.

21 *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

22       Finally, Plaintiff objects to the Report and Recommendation's findings regarding the step

23 five analysis. He argues that the jobs identified by the ALJ were inconsistent with the residual

24 functional capacity finding and he argues that the job data provided by the vocational expert

25 ("VE") was flawed. The Report and Recommendation only needed to reject one of these

26 arguments in order to uphold the ALJ's decision. Magistrate Judge Theiler properly determined

ORDER AFFIRMING THE COMMISSIONER
PAGE - 4

1   that Plaintiff's second argument was without merit, as the ALJ was permitted to take

2   administrative notice of the VE's testimony, which he found consistent with the DOT. The ALJ

3   properly noted plaintiff's objections, while nevertheless choosing to rely upon the expertise of

4   the VE. This was appropriate. *See Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005). There is

5   no evidence to suggest, as Plaintiff does, that the ALJ accepted the VE's testimony simply

6   because he is an expert whose testimony is inherently beyond reproach. (Dkt. No. 26 at 8.)

7   Because Plaintiff's challenge to the ALJ's reliance upon the VE's testimony is without merit, his

8   objection to the step five conclusions fails.

9   **III.    CONCLUSION**

10         For the foregoing reasons, the Court orders as follows:

11         (1) The Court adopts the Report and Recommendation (Dkt. No. 25).

12         (2) The Court **AFFIRMS** the decision of the Commissioner; and

13         (3) The Clerk shall direct copies of this Order to all counsel and to Judge Theiler.

14         DATED this 16th day of September 2014.

15

16

17

18

19

20                         _____

21                         John C. Coughenour
                              UNITED STATES DISTRICT JUDGE

22

23

24

25

26

ORDER AFFIRMING THE COMMISSIONER
PAGE - 5